# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Octavio Garcia Ornelas,

    Petitioner,

v.

Kristi Noem, et al.,

    Respondents.

No. CV-25-04787-PHX-MTL (JZB)

**ORDER**

This action under 28 U.S.C. § 2241 challenges Petitioner's immigration detention. It raises an issue that has been the subject of extensive litigation in recent months—whether 8 U.S.C. § 1226(a), which presumes a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when ICE apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades. The undersigned has determined that § 1226(a) applies in this circumstance, and in so concluding has cited to the analysis of the issue in an Order entered by another member of the Court. *Echevarria v. Bondi*, No. 25-CV-03252-DWL (ESW), 2025 WL 2821282 at \*4-10 (D. Ariz. 2025). Based on that determination, this Court has ordered habeas relief—taking the form of an order requiring the petitioner to be released from custody or provided with a prompt bond hearing—in many recent § 2241 actions brought by individual petitioners.

In addition, a district court in the Central District of California recently certified a Rule 23(b)(2) class that appears to include Petitioner. *Bautista v. Santacruz*, No. 5:25-CV-

01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).  It is composed of "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination."  *Id.* at *9.  Notably, the only class-wide relief sought in *Bautista* is declaratory relief.  *Id.* at *8 (identifying "[t]he declaratory relief requested" as "a ruling that the policy violates Petitioners' and putative class members' statutory and constitutional rights").  On December 18, 2025, the *Bautista* court entered judgment declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law.  5 U.S.C. § 706(2)(A)."  *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).

Whether or not the *Bautista* Court's rulings and judgment reach Petitioner as a member of the class in that matter—the Court's independent review of the Petition, and its repeated adoption of the analysis in the Order in *Echevarria*, confirms Petitioner is entitled to relief and the Court grants relief based on its conclusion that Petitioner's detention is governed by § 1226 and not § 1225.

**IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release Petitioner from custody under the same conditions that existed before Petitioner's detention.

///

///

///

- 2 -

3. Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing a bond hearing.

4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 14th day of January, 2026.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge

- 3 -